

|  |  |
|---|---|
| 750 Lexington Avenue | Lisa C. Solbakken |
| New York, New York 10022 | Partner |
| Tel: (212) 333-0200 | Direct Dial: (212) 333-0226 |
| Fax: (212) 333-2350 | Facsimile: (212) 333-2350 |
|  | E-mail: lsolbakken@arkin-law.com |

July 9, 2015

<u>Via ECF</u>

Hon. Frederic Block
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   *XYZ Two Way Radio Service, Inc., et al. v. Uber Technologies, Inc., et al.*,
            No. 15-cv-03015 (FB) (CLP)

Dear Judge Block:

      We write on behalf of Plaintiffs XYZ Two Way Radio Service, Inc. and Elite Limousine Plus, Inc. in response to Defendants' letter dated July 2, 2015. Respectfully, Defendants' references to Uber's "innovative technology" and Plaintiffs' wholly separate case that raises distinct claims against different parties are distractions and such rhetoric does not support their proposed motion to dismiss this case. As shown below, this proposed motion is without merit.

      **I.**   **Plaintiffs' Lanham Act And GBL Claims Are Not Based On Non-Compliance With Municipal Regulations**

      In the first instance, Defendants urge this Court to employ the analysis set forth by *Dial A Car, Inc. v. Transp., Inc.*, 82 F.3d 484 (D.C. Cir. 1996), on the grounds that Plaintiffs' Lanham Act and GBL claims do little more than charge them with a failure to comply with local law. *See* Defs. Ltr. at 2. Yet even a cursory review of the Complaint reveals this is a gross mischaracterization of fact. Indeed, by their Lanham Act and GBL causes of action, Plaintiffs specifically allege, among other things, that Defendants misrepresent: (i) the nature of their safety measures, including the quality of their background checks and drivers (Compl. ¶¶ 39-69, 78-87); and (ii) the fact that their drivers are "partners," when in reality they are "third party providers" for whom Defendants disclaim all responsibility (*id.* ¶¶ 70-77). The Complaint further alleges that Defendants mislead customers into believing Plaintiffs are affiliated with and/or approve of Uber's services. *Id.* ¶¶ 88-93.

      Because *Dial A Car*'s analysis is concerned solely with efforts to use the Lanham Act (or its state law equivalents) as a means to enforce municipal regulations, it is inapposite here. Numerous district courts across the country are in accord, having rejected Uber's reliance on this case where, as here, the subject claims are "not premised on the illegality of Uber's service and will not require the Court to interpret local taxi or livery regulations." *Manzo v. Uber Techs., Inc.*, 2014 U.S. Dist. LEXIS 95106, at *16 (N.D. Ill. July 14, 2014); *Greater Houston Transp. Co. v. Uber Techs., Inc.*, 2015 U.S. Dist. LEXIS 28867, at *22-37 (S.D. Tex. Mar. 10, 2015) (*Dial A Car* bars only Lanham Act claims premised upon Uber's alleged non-compliance with local ordinances, not misrepresentations regarding safety); *Yellow Group LLC v. Uber Techs. Inc.*, 2014 U.S. Dist. LEXIS 94093, at *25-26 (N.D. Ill. July 10, 2014) (same).



### II. Defendants Are Not Insulated From Suit By Virtue Of A "Puffery" Defense

Likewise infirm is Defendants' claim that Counts 1, 2, and 3 of the Complaint are deficient insofar as each targets non-actionable "puffery" by challenging Uber's various (mis)representations regarding the safety of vehicles and drivers. *See* Compl. ¶¶ 128-151. "Puffery" is defined as a statement "not capable of objective verification," which is "exaggerated, blustering, and boasting" such that reliance on same is unreasonable. *Software AG, Inc. v. Consist Software Solutions, Inc.*, 2008 U.S. Dist. LEXIS 19347, at *36 (S.D.N.Y. Feb. 21, 2008). Specifically excepted from analysis, however, are "**statements as to the comparative safety of a product.**" *Greater Houston Transp. Co.*, 2015 U.S. Dist. LEXIS 28867, at *32 (emphasis added). These are "specific and measurable," and thus fall outside the purview of "puffery." *Id.*

Specific and measurable misrepresentations of fact are precisely what is at issue in the Complaint. *See, e.g.*, Compl. ¶¶ 40-43, 45-49, 61, 65, 67 (identifying Defendants' particular statements regarding safety precautions); *id.* ¶¶ 101, 121 (alleging that Defendants' misrepresentations regarding safety "create the illusion that their services are superior" in terms of safety, when in fact they are not). Such allegations – which must be construed as true on a motion to dismiss – amply support a claim. *See, e.g., In re Bayer Corp. Combination Aspirin Prods. Mktg. & Sales Practices Litig.*, 701 F. Supp. 2d 356, 375 (E.D.N.Y. 2010) (allegations that defendant "misrepresented the safety" of its products was a "traditional claim of consumer misrepresentation"); *Leonard v. Abbott Labs., Inc.*, 2012 U.S. Dist. LEXIS 30608, at *66 (E.D.N.Y. Mar. 5, 2012) (same).

### III. The Complaint States A Claim For Misrepresentation Of Association

Defendants next claim that, under the Lanham Act, Plaintiffs are required to allege that "the alleged confusion actually affects consumers' purchasing decisions." Defs. Ltr. at 3. This is incorrect. Plaintiffs need only allege that Defendants' conduct "is *likely to cause confusion . . . as to the affiliation, connection, or association* of [Defendants] with [Plaintiffs], or as to the origin, sponsorship, or approval of [Defendants'] goods, services, or commercial activities by [Plaintiffs]." *1-800 Contacts, Inc. v. WhenU.com, Inc.*, 414 F.3d 400, 407 (2d Cir. 2005) (citing 15 U.S.C. § 1125(a)(1)(A) (emphasis added); *see also, e.g., Perry v. Int'l Transp. Workers' Fedn.*, 750 F. Supp. 1189, 1208-09 (S.D.N.Y. 1990) (rejecting plaintiffs' argument that Lanham Act counterclaim should be dismissed because defendant failed to show it suffered actual damages or that consumers were actually confused, and further noting that "damages may include harm to one party's reputation or goodwill caused by the actions of the other party"). The allegations set forth by the Complaint more than meet this standard.[1] *See, e.g.*, Compl. ¶¶ 88, 94, 158.

### IV. Defendants' Argument As To Lack of Standing Is Baseless

Defendants' last challenge to Plaintiffs' GBL claims is one of standing. The GBL is a unique statute insofar as it authorizes private actors to effectively "step into the shoes" of the Attorney General. The statute specifically states that "any person who has been injured by reason of any violation of [GBL §§ 349 and 350] may bring an action in his own name to enjoin such unlawful act

---

[1] Notably, other district courts have rejected Uber's efforts to dismiss claims for misrepresentation of association based on nearly identical allegations. *See, e.g., Yellow Group LLC v. Uber Techs. Inc.*, 2014 U.S. Dist. LEXIS 94093, at *15-16 (N.D. Ill. July 10, 2014) (denying Uber's motion to dismiss Lanham Act claim because Uber's reference to "fleet partners" and use of cars bearing plaintiffs' trademarks "are likely to cause confusion among customers.")

**ARKIN SOLBAKKEN LLP**

or practice . . . ." GBL §§ 349(h) and 350-e. Courts have routinely held that a competitor has standing "so long as some harm to the public at large is at issue," and the competitor suffered injury as a result. *Securitron Magnalock Corp. v. Schnabolk*, 65 F.3d 256, 264 (2d Cir. 1995).

Here, the Complaint alleges facts sufficient to meet this standard. It alleges that Defendants broadly disseminated numerous false or misleading statements on Uber's webpages, in communications with consumers, and in the media about safety measures, Uber's relationship with drivers, and Uber's purported affiliation with Plaintiffs. *Cf.* Compl. ¶¶ 39-94, 132-33, 140-141, *with N. State Autobahn, Inc. v. Progressive Ins. Group Co.*, 102 A.D.3d 5, 12 (2d Dep't 2012) (conduct sufficiently consumer-oriented "where it involved an extensive marketing scheme," "the multi-media dissemination of information to the public," and "potentially affect[ed] similarly situated consumers") (citations and quotation marks omitted). Moreover, it is undisputed that Plaintiffs have more than adequately alleged they are competitors who suffered injury as a result of Defendants' deceptive conduct. *See* Defs. Ltr. at 4; Compl. ¶¶ 94, 121-24, 134, 142. Nothing further is required to invoke the GBL, and none of Defendants' cases hold otherwise.

### V. The Complaint States Claims For Tortious Interference With Business Relations And Contract

Finally, Defendants argue that both XYZ's claims for tortious interference with business relations and contract should be dismissed because the Complaint fails to allege "independently wrongful conduct." Defs. Ltr. at 4. However, as Defendants' own case law confirms, this element is relevant solely to sustaining the former, and not the latter, cause of action. *See Val. Lane Indus. Co. v. Victoria's Secret Direct Brand Mgmt., L.L.C.*, 455 F App'x 102, 105 (2d Cir. 2012); *see also Winter-Wolff Int'l, Inc. v. Alcan Packaging Food & Tobacco, Inc.*, 499 F. Supp. 2d 233, 241 n.3 (E.D.N.Y. 2007) ("Defendant is incorrect that plaintiff must allege procurement of the breach by wrongful means [for a tortious interference with contract claim]"); *cf. Yellow Group LLC*, 2014 U.S. Dist. LEXIS 94093, at *20-21 (tortious interference with contract claim adequately pled given allegations that Uber uses plaintiffs' drivers).

In any event, the Complaint does satisfy this element. It alleges that Defendants employed wrongful means to tortiously interfere with XYZ's business relations by, among other things, (i) undertaking misrepresentations as to their services and relationship with Uber drivers; and (ii) offering drivers higher wages by failing to adhere to TLC's rules. *See, e.g.*, Compl. ¶¶ 70, 101, 123; *see also Guard-Life Corp. v. S. Parker Hardware Mfg. Corp*, 50 N.Y.2d 183, 191 (1980) ("wrongful means" include fraud, misrepresentation, and/or "some degrees of economic pressure"). Defendants' claim that the Complaint fails to adequately plead tortious interference with business relations on this basis is without merit.

\*   \*   \*

For the foregoing reasons, Plaintiffs respectfully submit that Defendants' proposed Motion to Dismiss is without merit.

Respectfully submitted,

Lisa C. Solbakken

cc: All Counsel of Record (via ECF)

3