UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------x
XYZ TWO WAY RADIO SERVICE,
INC. and ELITE LIMOUSINE PLUS,
INC.,

              Plaintiffs,

     -against-                         **MEMORANDUM AND ORDER**
                                          15-CV-3015 (FB) (CLP)

UBER TECHNOLOGIES, INC.,
WEITER, LLC, HINTER, LLC,
GRUN, LLC, UNTER, LLC,
SCHMECKEN, LLC, and DANACH-
NY, LLC,

              Defendants.
-----------------------------------------------x

*Appearances*
*For the Plaintiffs:*
LISA S. SOLBAKKEN, ESQ.
ROBERT C. ANGELILLO, ESQ.
DEANA DAVIDIAN, ESQ.
Arkin Solbakken LLP
750 Lexington Avenue, 25th Floor
New York, New York 10022

*For the Defendants:*
JOSHUA A. BERMAN, ESQ.
SUSAN GRACE, ESQ.
Troutman Sanders, LLP
875 Third Avenue
New York, New York 10022

**BLOCK, Senior District Judge:**

       Plaintiffs move for reconsideration of the Court's memorandum and order granting defendants' motion to dismiss their claims for false advertising, false association or endorsement, and tortious interference with contract and business relationships. *See XYZ Two Way Radio Serv., Inc. v. Uber Techs., Inc.*, 214 F. Supp.

2d 179 (E.D.N.Y. 2016). For the following reasons, the motion is denied.

1. Plaintiffs claim that there is a "safety exception" to the rule that puffery is not actionable. They are incorrect. A claim that a seller falsely represents the safety of its product or service is a "traditional claim of consumer misrepresentation," *In re Bayer Corp.*, 701 F. Supp. 2d 356, 375 (E.D.N.Y. 2010), and, as such, is judged by the usual standards: actionable if a specific statement of verifiable fact, not actionable if vague, subjective, hyperbolic or aspirational. For the reasons set forth in the prior memorandum and order, defendants' safety-related statements fall into the latter category.

2. Plaintiffs argue that defendants' aspirational statements regarding passenger safety are actionable because they are contradicted by other statements defendants have made. The Second Circuit rejected an analogous argument in *City of Pontiac Policemen's & Firemen's Retirement System v. UBS AG*, 752 F.3d 173 (2d Cir. 2014), cited in the prior memorandum and order: "Plaintiffs' claim that these statements were knowingly and verifiably false when made does not cure their generality, which is what prevents them from rising to the level of materiality required to form the basis for assessing a potential investment." *Id.* at 183. Similarly, an arguably inconsistent statements does not alter the fact that a reasonable consumer cannot justifiably rely on an aspirational statement in the first place. *See Time Warner Cable, Inc. v. DIRECTV, Inc.*, 497 F.3d 144, 160 (2d Cir. 2007) (citing *Pizza Hut, Inc.*

2

v. *Papa John's Int'l, Inc.*, 227 F.3d 489, 497 (5th Cir. 2000)).[1]

3. Plaintiffs argue that the Court applied an overly narrow definition of "partner" in holding that defendant's references to drivers as partners could not support a false-advertising claim. Oddly, it is precisely that narrow definition—a member of an association who is legally liable for the acts of other members—that plaintiffs relied on. In any event, they do not point to any portion of defendants' allegedly false statements that ascribes *any* particular meaning, whether narrow or broad, to the term.

4. Plaintiffs' false-advertising claim was based, in part, on a statement on defendant's website that its drivers complied with local licensing requirements, while drivers for its UberX service did not have to have a commercial driver's license. The Court rejected the claim based on a proviso—not alleged in the complaint—that "[i]n order to drive with Uber in New York City, you need a TLC (Taxi and Limousine Commission) License." *XYZ*, 214 F. Supp. 2d at 185 (internal quotation marks omitted); *see also Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) ("Even where a document is not incorporated by reference, the court

---

[1] Plaintiffs fault the Court for relying on *City of Pontiac* because it dealt with securities fraud, not false advertising. They argue that false advertising claims are not subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b). That is true, but irrelevant. Rule 9(b) requires the plaintiff in a securities-fraud case to plead the allegedly false statement with particularity, but does not suggest that the concepts of falsity and reliance vary with the type of case.

may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint." (internal quotation marks omitted)).

Plaintiffs now argue that the proviso is itself misleading because, while non-TLC-licensed drivers cannot pick up passengers in New York City, they can drop them off there. The Court disapproves of plaintiffs' attempt to resurrect a claim based on a statement that was artfully omitted from the original complaint. More importantly, their attempt does not detract from the Court's ultimate conclusion that the defendants' statements regarding compliance with local laws are, taken as a whole, accurate: TLC regulations allow out-of-area drivers to drop off passengers in New York City. *See* 35 R.C.N.Y. § 80-21(b)(1).

5.     With respect to the false association or endorsement claim, plaintiffs argue that the Court prematurely found that defendants did not use plaintiffs' signage. *See XYZ*, 214 F. Supp. 2d at 186 ("When a driver employed by one of the plaintiffs decides to make an Uber pickup in a car bearing one of the plaintiffs' services marks, it is the driver—not Uber—who is 'using' the mark."). To the contrary, the Court based that statement on the allegations of the complaint:

> When a car with Plaintiffs' service marks . . . arrives at the pick-up location . . . and places a sign bearing Uber's name, logo, and colors in its window, consumers are likely to believe Plaintiffs are affiliated or associated with Uber and/or that Plaintiffs sponsor or partner with Uber.

4

Compl. ¶ 91. Plaintiffs point out that the complaint also alleges that drivers use defendants' marks with its encouragement and for its financial benefit, but liability for false association hinges on a defendant's unauthorized use of a plaintiff's mark, not its own. *See XYZ*, 214 F. Supp. 3d at 186 (citing *1-800 Contacts, Inc. v. WhenU.Com, Inc.*, 414 F.3d 400, 406-07 (2d Cir. 2005)).

6. With respect to the tortious interference claims, the Court held that the plaintiffs could not make out a claim that defendants tortiously interfered with their contracts with drivers since the drivers could terminate those contracts at will. Plaintiffs argue that an at-will contract can support a tortious interference claim if the alleged breach is something other than termination of the contract. They cite no support for this argument; indeed, the case law refutes it. In *Snyder v. Sony Music Entertainment, Inc.*, 684 N.Y.S.2d 235 (1st Dep't 1999), the plaintiff sued for tortious interference with his at-will employment contract; the First Department cited the usual rule, apparently considering it immaterial that the plaintiff's employer had not yet terminated him. *See id.* at 238-39.

Plaintiffs then argue that their claims of false advertising and unfair competition support their claim for tortious interference with business relationships. Since, however, the Court adheres to its conclusion that those claims must be dismissed, neither can constitute the "independent tort" necessary to support such a claim. *See Carvel Corp. v. Noonan*, 3 N.Y.3d 182, 190 (2004).

5

7. Finally, plaintiffs argue that their claims under New York's General Business Law should be reinstated for the same reasons as their claims under the Lanham Act. Having addressed those arguments above, the Court need not repeat its reasons for rejecting them.

Accordingly, plaintiffs' motion for reconsideration is denied.

**SO ORDERED.**

  /S/Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
September 28, 2017